# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                              No. 4:08CR00141 JLH

LEON ROBINSON, JR.                                               DEFENDANT

## OPINION AND ORDER

Leon Robinson, Jr., has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Robinson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) after a handgun fell from his pants during a pat-down search following a traffic stop.  He was sentenced to a term of imprisonment of 180 months, to be followed by five years of supervised release.  Robinson appealed, arguing that this Court erred in denying his motion to suppress.  The Eighth Circuit affirmed.

Robinson asserts three grounds for relief.  First, he contends that he was denied effective assistance of counsel because during the suppression hearing his lawyer did not challenge probable cause for the stop and on appeal his lawyer conceded that law enforcement had probable cause to stop the vehicle for a traffic violation.  Second, Robinson contends that his lawyer was ineffective for allowing hearsay evidence.  Third, he contends that this Court abused its discretion by not excluding from evidence the firearm found during the traffic stop.

Robinson was in a vehicle that was stopped by officers of the North Little Rock Police Department.  The stop was instigated by Detective Matthew Thomas, who had received an anonymous tip that three or four black males were in a maroon Cadillac that was thought to contain firearms and stolen property.  Thomas and two other detectives drove to the area specified by the tip and found a maroon Cadillac with three black males in the front seat and merchandise in the back

seat. The Cadillac drove away, and Thomas followed in an unmarked car for several blocks. According to Thomas, the Cadillac made several turns without activating a turn signal. Thomas called on a patrol car to make a traffic stop, which was accomplished. After the Cadillac was stopped, Robinson was subjected to a pat-down search by Officer Matthew Roebuck, and during the search a handgun fell from his pants to the ground. Robinson's lawyer moved to suppress the evidence obtained during the stop. The Court conducted an evidentiary hearing and, at the end of the hearing, denied the motion to suppress. Robinson then went to trial and was convicted. As noted, he appealed the denial of the motion to suppress, and the Eighth Circuit affirmed.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "When a defendant challenges a conviction, the question is whether there is a reasonable probability

that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695, 104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id*. The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

Robinson's first point is that his lawyer was ineffective in this Court and on appeal for failing to argue that the stop was unlawful because no traffic violations occurred. He contends that Thomas invented the traffic violations as a pretext to justify the stop. At the suppression hearing, however, the Court found that Thomas's testimony was credible. Document #42 at 40. Robinson argues that his lawyer failed to bring to the Court's attention information that would have impeached Thomas, specifically that Thomas testified at the suppression hearing that Roebuck made the traffic stop, whereas at the trial Roebuck testified that he did not make the stop. At trial, Roebuck testified as follows:[1]

> Q.   Tell us about the stop, Mr. Roebuck. What happened? You get a call. What happens? How does the stop take place?
>
> A.   Our detectives requested we assist on a traffic stop. And that's when they were – we all pulled up about the same time and got out and approached the vehicle.
>
> Q.   Mr. Roebuck, were you the first person on the scene?
>
> A.   Besides the detectives, I was the first officer.

---

[1] Because Robinson made a specific allegation that Roebuck's trial testimony contradicted Thomas's testimony at the suppression hearing, the Court directed the court reporter to transcribe and file Roebuck's trial testimony, which had not previously been ordered.

Q.    Were the detectives already there?

A.    They were right there within that area.

Q.    As a matter of fact, they had Detective Thomas' vehicle, I think it was Detective Thomas, Riley and Stewart?

A.    Yes.

Q.    They had this Cadillac, they were parked directly behind this Cadillac, is that correct?

A.    They were at the rear of the Cadillac.  I'm not sure exactly.

Q.    Parked?

A.    Yes, sir.

Q.    Where was – when you arrived, where was Officer Thomas?

A.    They – I want to say – of course, you've got so much going on trying to secure three people.  They were on the opposite side of the vehicle from where I was.

Q.    Who all was, Officer, if you would –

A.    Detective – at the time, Detective Riley, Detective Thomas, they were on the opposite side of the vehicle.

Q.    Did you ever see Detective Thomas talking to my client early on?

A.    He did, but I can't – I can only tell from when I got there.

Q.    Okay.  They were already there?

A.    Yes.

Document #99 at 7-9.  At the suppression hearing, Thomas testified that he and the other detective were in an unmarked car behind the Cadillac, and when the patrol cars came up behind them, they pulled to the side to let the patrol cars come in front.  Document #42 at 8.  Thus, they were already

4

on the scene before the patrol cars arrived, just as Thomas testified. And as Thomas testified, Roebuck was the first officer on the scene, other than the detectives who called for the patrol officers to make the traffic stop. Robinson seems to believe that the detectives initiated the stop, but the undisputed evidence was that the detectives were in an unmarked car that lacked the blue lights and siren needed to initiate a stop. *Id.* The only discrepancy, if there is one, relates to who made first contact with the occupants of the Cadillac. According to Thomas, the "patrol units" made the initial contact. *Id.* Roebuck's testimony implies, but never says directly, that the detectives made the first contact. Document #99 at 9.

Assuming for the sake of argument that Roebuck's testimony at trial contradicts that of Thomas as to who made first contact with the occupants of the Cadillac, Robinson still falls short of establishing that his lawyer was ineffective. First, he has not shown that his lawyer's performance was so deficient that he was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. Roebuck was not present at the suppression hearing. Because he was the officer who conducted the pat-down search of Robinson and saw the handgun fall from Robinson's pants, it would have been reasonable strategy for Robinson's lawyer not to subpoena Roebuck to testify at the suppression hearing because the government had the burden of proof and Roebuck's absence made it more difficult for the government to meet that burden. Secondly, even if Robinson's lawyer had known of a discrepancy between Thomas and Roebuck as to which officers first made contact with the occupants of the Cadillac and had made an issue of that discrepancy during the suppression hearing, it would not have changed the outcome. A stop of this nature, with at least four officers securing three criminal suspects more or less simultaneously, is likely to result in the participants having different perceptions and different memories of the sequence of events. That Thomas and

5

Roebuck may have different memories of who made first contact with the occupants of the Cadillac does not show that Thomas committed perjury when he testified that the Cadillac made several turns without activating its turn signal. The Court was and is satisfied that the Cadillac made turns without activating the turn signals. Any discrepancy or confusion as to which officers first approached the occupants of the Cadillac would not have changed the Court's finding that there was probable cause for the traffic stop.

Robinson's second ground for relief is that his lawyer was ineffective for allowing officers to testify to hearsay evidence. He has offered no indication of what hearsay evidence was presented at trial that should have been excluded, and the Court is aware of none.[2] The critical evidence against Robinson at trial was the testimony of Roebuck. Roebuck did not testify to any hearsay. Roebuck, himself, conducted the pat-down search and observed the handgun fall from Robinson's pants. Document #99 at 4-5. He had personal, not hearsay, knowledge that Robinson was in possession of the handgun.

Robinson's third ground for relief is that this Court abused its discretion by not disallowing the firearm found during the traffic stop, because, according to Robinson, no traffic violations were committed. He contends that Thomas invented the alleged traffic violations to create a pretext for the stop. At least in part, the Eighth Circuit has already rejected that argument. *United States v. Robinson*, 664 F.3d 701 (8th Cir. 2011). Claims that were decided on direct appeal cannot be relitigated in a section 2255 motion. *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013). Nor can a section 2255 motion be used to raise an issue that could have been but was not raised on direct

---

[2] Robinson's allegation that hearsay was received at trial without objection is too vague and general to justify the Court in ordering the entire trial transcript.

appeal absent a showing of cause and prejudice. *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993). Robinson has shown neither cause nor prejudice.

Leon Robinson, Jr.'s motion to vacate, set aside, or correct his sentence is DENIED. Document #81. Robinson's motion for an enlargement of time is denied as moot. Document #84. Because Robinson has failed to make a substantial showing of the violation of a constitutional right, no certificate of appealability will issue. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 20th day of June, 2013.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE